Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9318 | **DATE** | January 17, 2012 |
| **CASE TITLE** | Larry Roberson (#R-23826) vs. Superintendent Engelson, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [#3] and authorizes and orders the trust fund officer at Stateville Correctional Center to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to Supervisor of inmate trust fund accounts at Stateville. The Clerk is directed to issue summonses for Defendants Engelson and Hardy, and the United States Marshals Service is appointed to serve them. However, Stateville Correctional Center N.R.C. is dismissed as a Defendant. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■[ For further details see text below.]                                                           Docketing to mail notices.

## STATEMENT

     Plaintiff, Larry Roberson, presently in custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Stateville Correctional Center Warden Marcus Hardy and Stateville Correctional Superintendent Engelson, violated his constitutional rights by providing unconstitutional conditions of confinement. Plaintiff pleads that he is a pre-trial detainee, in custody at Stateville Northern Reception and Classification Center, and that he has been subjected to filthy conditions, few showers, having to wash his underwear in the toilet, no religious services, inadequate access to the yard, the law library, the commissary, and being forced to try to clean his cell with his bath towel since he arrived there on September 23, 2011.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $13.79. The inmate trust office at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Pinckneyville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds

# STATEMENT

that the complaint states a colorable cause of action under the Civil Rights Act against Defendants Engelson and Hardy for unconstitutional conditions of confinement. *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996) (to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities"); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

With respect to Defendant Hardy, Plaintiff has essentially alleged what amounts to a custom and policy of subjecting pre-trial detainees to unconstitutional conditions of confinement. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). So, Plaintiff's claim against Warden Hardy is only in his official capacity.

However, Plaintiff fails to state a claim against Stateville Correctional Center, N.R.C. Plaintiff names Stateville Correctional Center, N.R.C. as a Defendant in his complaint. A suit against a correctional center within the Illinois Department of Corrections and/or the Department itself is a suit against the State of Illinois. Unless a state has consented to be sued, it is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *See Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984). The State of Illinois has not consented to be sued, and the immunity has been directly applied to the Illinois Department of Corrections. *Trotter v. Klincar*, 748 F.2d 1177, 1181 (7th Cir. 1984), *see also Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment bar remains. *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). While there is an exception in suits seeking prospective injunctive relief against state officials in their official capacities, (*see Ex Parte Young*, 209 U.S. 123 (1908)), Plaintiff does not properly seek such relief in this case, and regardless, such suits may not be brought against the States or their agencies directly. *Id.* As a suit against Stateville Correctional Center, N.R.C. is a suit against the State of Illinois, the immunity applies, and Stateville Correctional Center, N.R.C. is not a proper defendant.

The Clerk shall issue summonses for service of the complaint on Defendants Engelson and Hardy (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

| STATEMENT |
|---|
| The Court denies Plaintiff's motion for appointment of counsel, without prejudice to later renewal. Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendants respond to the complaint. |