# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY ROBERSON, (#R-23826), | ) |
| | ) No. 11 C 9318 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge John J. Tharp, Jr. |
| | ) |
| TRACEY ENGELSON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Larry Roberson, presently in state custody at Lawrence Correctional Center, filed suit pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement at the Stateville Northern Reception and Classification Center. More specifically, Plaintiff alleges that he suffered from a variety of unconstitutional conditions of confinement. Defendant Tracey Engelson filed her motion arguing that she is entitled to judgment because Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required under 42 U.S.C. § 1997(e). For the reasons set forth below, the motion is granted.

### BACKGROUND

Mr. Roberson is currently an inmate in the custody of the Illinois Department of Corrections and incarcerated at the Lawrence Correctional Center. *See* CM/ECF Docket *generally*. He alleges that while at the Stateville NRC he was subjected to conditions that were in violation of his constitutional rights, including: 1) inadequate food; 2) inadequate clothing; 3) inadequate shelter; 4) inadequate medical care for his diabetic condition; 5)

24-hour cell confinement; 6) inadequate cleaning supplies; 7) inadequate access to showers and laundering services; 8) inability to purchase pens or pencils from the commissary; 9) limited phone access; and 10) inability to exercise. (DSOF ¶3).

At the time of the alleged violations, Defendant Engelson was the Superintendent of the NRC. (DSOF ¶4). Ms. Engelson is being sued because the plaintiff alleges that, as superintendent, she should be held accountable for the conditions of his confinement during the relevant time period. *Id*.

The Illinois Department of Corrections has a formal grievance procedure for inmates. (DSOF ¶6). Under the policy, generally, an inmate must first attempt to resolve grievances through his counselor. (DSOF ¶7). If the grievance, complaint, or issue remains unresolved within sixty days of an incident, an inmate may submit a written grievance, addressed to a Grievance Officer, on a grievance form available in all units of his institution. *Id*. Prison employees serve as Grievance Officers, unless a given employee is directly related to the subject matter of the grievance. *Id*. The facility Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance. *Id*. Upon completion of the investigation, the Grievance Officer's conclusions and, if appropriate, recommended relief, are forwarded to the Chief Administrative Officer (CAO). *Id*. The decision of the CAO, or the CAO's designee, is then provided to the inmate. *Id*.

If the inmate disagrees with the CAO's decision, he may appeal in writing to the Director of the Department by submitting the Grievance Officer's report and CAO's decision. (DSOF ¶7). The Administrative Review Board ("ARB"), as the Director's

designee, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. *Id*. If so, the inmate is so advised. *Id*. The ARB submits a written report of its findings and recommendations to the Director or his designee, who reviews the report and makes a final determination on the grievance. *Id*. A copy of the ARB's report and the Director's final decision are sent to the inmate who filed the grievance. *Id.* The originals of these documents are maintained in the ARB files pursuant to Department Rule 504F, Grievance Procedures for Committed Persons, which provides for no further means for review beyond this step. *Id*.

Upon arrival at a state correctional facility, inmates are made aware of the rules and regulations of the correctional center through an orientation manual and presentation. Counselors are also available if the inmates have any questions about the correctional centers policies and procedures. (DSOF ¶12).

On October 30, 2011, Mr. Roberson filed a grievance regarding the conditions of his confinement at the NRC at Stateville Correctional Center. (DSOF ¶13). His two-page grievance addressed the alleged unconstitutional conditions of confinement he sets forth in this case (among others). *Id.*

On November 8, 2011, Shaun Bass, the plaintiff's Correctional Counselor, responded to the grievance, indicating there was no evidence of individualized mistreatment. (DSOF ¶14). Counselor Bass never received another grievance from Mr. Roberson pertaining to his conditions of confinement at the NRC at Stateville Correctional Center. (DSOF ¶15).

Counselor Bass searched the grievance office at Stateville Correctional Center and found no evidence that Mr. Roberson appealed his October 30, 2011, grievance to the

Grievance Office. (DSOF ¶16). Counselor Bass found no record of Mr. Roberson making further complaint to a counselor or submitting additional grievances regarding the issues contained in his Amended Complaint, beyond the grievance he submitted on October 30, 2011. *Id.*

Grievances that are filed with the Grievance Officer are kept in each individual inmate's master file, which is located at the facility in which they are housed. (DSOF ¶17). Randy Stevenson, Clinical Services Supervisor at Lawrence Correctional Center, conducted a search of Mr. Roberson's inmate master file for grievances pertaining the issues in the Amended Complaint, and found no grievances in the plaintiff's inmate master file pertaining to those issues. (DSOF ¶18).

Jackie Miller, Chairperson with the Administrative Review Board/Office of Inmates Issues for the Illinois Department of Corrections ("ARB), searched the ARB records for grievances filed by Mr. Roberson pertaining to the issues in his Amended Complaint, and found no record with the ARB of any submission by Mr. Roberson of any grievances pertaining to the aforementioned issues at the ARB level. (DSOF ¶19).

## LEGAL STANDARD

A party is entitled to summary judgment if all the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When considering a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005). Summary judgment is proper when the pleadings, discovery, and disclosures establish that there is no genuine issue of

material fact and the movant is entitled to judgment as a matter of law. *Winsley v. Cook Cnty.*, 563 F.3d 598, 602-03 (7th Cir. 2009). A genuine dispute as to a material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001).

Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Ms. Engelson filed her motion for summary judgment, she included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" (Doc. 39) as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); and Local Rule 56.2. This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that the plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) (3) requires a party opposing a motion for summary judgment to file:

> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

>> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). District courts may require strict compliance with Local Rule 56.1, even though the plaintiff is proceeding pro se. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process).

Plaintiff responded to Defendant's L.R. 56.1 statement, and disputed only two of the statements of fact: statements 4 and 14.[1] Plaintiff's attempts to dispute these statements of fact are argumentative, and neither argument is supported by the record nor raises a material dispute of fact, as discussed below in note 2.

A motion for summary judgment "requires the responding party to come forward with the evidence that it has—it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (citations omitted). If the moving party meets its burden of showing that there are no issues of material fact and that he or she is entitled to a judgment as a mater of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a

---

[1] Mr. Roberson filed a "Motion for Leave to File Motion in Response to Summary Judgment on the Issue of Limited Exhaustion" (Dkt. 54), seeking leave to respond to the Defendant's motion for summary judgment, and a response to the Defendant's Local Rule 56.1 Statement. The Court grants that motion (though no leave to file a response to the motion was required), and the Court has considered both of the plaintiff's submissions in ruling on the defendant's motion.

genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

## DISCUSSION

According to the record before the Court, it cannot entertain Plaintiff's claim of unconstitutional conditions of confinement because Defendant Engelson has demonstrated that Mr. Roberson failed to exhaust the administrative remedies available to him prior to bringing suit. The Prisoner Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules

7

require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Woodford v. Ngo*, 548 U.S. at 90.

According to the record, Mr. Roberson does not dispute the fact that he did not complete the grievance procedure established by the Illinois Department of Corrections and in use at Stateville during the relevant time period. Indeed, in his own Rule 56.1 filing, he stated that he "does not dispute" the vast majority of the facts set forth by Ms. Engelson,[2] and his Response brief acknowledges that he did not appeal the denial of his grievance after Counselor Bass denied it. Rather, he argues that the he was relieved of any obligation to pursue administrative remedies further because his written grievance was addressed in the first instance by Counselor Bass rather than by a Grievance Officer, as required (he asserts) by the Department's procedure.

Mr. Roberson's argument misconstrues the grievance process. Nothing in the Administrative Code governing the grievance procedures precludes submission of a written grievance to a counselor and, indeed, the grievance form that he submitted plainly shows that the form is typically routed to the counselor, as beneath the portion of the form where the grievance is set forth there is a preprinted section for the "Counselor's Response." Section 504.810(b) of the grievance procedures, moreover, requires that a

---

[2] The plaintiff disputed only two of the defendant's L.R. 56.1 statements of uncontested facts, and those attempts did not suffice to create a material issue of fact. With respect to DSOF #4, Ms. Engelson's description of the plaintiff's claim, Mr. Roberson states in response that he is suing Defendant Engelson because as Superintendent of Stateville's NRC, she was responsible for maintaining constitutional conditions of confinement. His response to DSOF #14 attempts to dispute Defendant's L.R. 56.1 statement that Counselor Bass responded to his grievance, stating that there was no evidence of individualized mistreatment of the plaintiff relating to conditions of confinement. The plaintiff's response argues the point of whether the conditions complained of were individualized. Neither fact, nor the plaintiff's attempt to dispute them, is material to the question of whether Mr. Roberson exhausted his administrative remedies prior to filing suit, as required.

8

grievance form intended for submission to the Grievance Officer "shall be addressed to the Grievance Officer." Mr. Roberson's form was not. And in any event, Mr. Roberson does not dispute that Counselor Bass responded to his submission of this form, so he plainly knew that the form had not yet gone to a Grievance Officer. He received a response from the counselor on November 8, 2013, and did nothing further, prior to filing suit.

Mr. Roberson also observes, correctly, that the grievance procedure provides that grievance officers are required to review grievances at least once weekly. *See* Plaintiff's response memorandum and 20 Ill. Adm. Code § 504.830. He argues that because he received the response to his grievance nine days after filing it, Stateville officials did not follow the policy, rendering the grievance process unavailable to him. That argument fails both because it does not apply to a counselor's review of a grievance and because the requirement that Grievance Officers review grievances weekly does not imply that they must *decide* the grievances within a week of submission.

By the plaintiff's logic, a grievance submitted only a day before a weekly grievance review would have to be resolved within 24 hours, lest it be carried over to the next week and thereby violate the purported seven-day rule. That rule does not exist, and for good reason. Perhaps some grievances may be resolved quickly, but others may take more time; the procedures contemplate this possibility, as they allow for the potential need to interview the inmate and to call witnesses at a hearing. They also require a written report by the Grievance Officer to the CAO. The process required to resolve grievances cannot, in all cases, be accomplished within a seven-day period and the rule contains no such requirement.

The Seventh Circuit has held that the relevant inquiry when determining whether administrative remedies are unavailable is to focus on whether the plaintiff did all he could to avail himself of the administrative process. If he followed the prescribed steps and could do nothing more, then available remedies were exhausted. *Dole*, 438 F.3d at 811. Mr. Roberson, however, did not follow the prescribed steps, instead abandoning the grievance review process without pursuing the appeal procedures provided for in the Administrative Code. Mr. Roberson knew that his grievance had gone only to his counselor and that he had a right to resubmit the grievance to a Grievance Officer, but failed to do so. Whatever the reason for that failure—abandonment of the claims, inadvertence, or misunderstanding—it bars the plaintiff from asserting the same claims in this Court.[3]

"[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Ford*, 362 F.3d at 398. As the evidence is clear that Mr. Roberson did not fully exhaust his administrative remedies prior to filing suit, judgment is granted to Defendant Engelson.

---

[3] It bears repeating that, upon arrival at a State correctional facility, inmates are made aware of the rules and regulations of the correctional center through an orientation manual and presentation, and Plaintiff does not claim that he was not aware of the further steps in the grievance process. In any event, Plaintiff's beliefs about the availability of the grievance process do not excuse exhaustion. *Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007); *citing Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (As the Eighth Circuit has observed, 42 U.S.C. § 1997e (a) "says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them."); *see also Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001).

Although the time for submitting a grievance has expired per IDOC's policies, the dismissal of the plaintiff's claim is without prejudice, as this Court does not rule on whether a state court would apply an exhaustion requirement similar to that of § 1997e(a) with respect to Plaintiff's claims. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (for that reason, "all dismissals under § 1997e (a) should be without prejudice"). In short, the Court's ruling does not preclude the Plaintiff from pursuing any relief that may be available to him through the state court. But because by operation of § 1997e (a) the plaintiff has no further recourse in federal court, the dismissal without prejudice nevertheless constitutes a final, appealable, order. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (order dismissing § 1983 claims for failure to exhaust administrative remedies is appealable where there are no further remedies that plaintiff can pursue); *Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005) (same).

If the plaintiff wishes to appeal this final judgment, he may file a notice of appeal in this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a) (4). A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to present on appeal. See Fed. R. App. P. 24(a) (1) (C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The plaintiff is advised that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court

without prepaying the filing fee unless he is in imminent danger of serious physical injury.

## CONCLUSION

For all of these reasons, the Court grants Defendant Engelson's motion for summary judgment [#45]. This case is closed on the Court's docket.

Date: 4/23/2013

_____
John J. Tharp, Jr.
United States District Judge